**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| KUMAR AJAY,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.  18-71496<br><br>Agency No. A213-016-992<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 19, 2019[**]

Before:  FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Kumar Ajay, a native and citizen of India, petitions pro se for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT").  We have jurisdiction

under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Ajay's credible fear interview and his testimony, as well as an inconsistency between Ajay's testimony and documentary evidence as to the nature of his father's death. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under the totality of the circumstances). Ajay's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, Ajay's asylum and withholding of removal claims fail. *See Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).

Ajay's CAT claim also fails because it is based on the same testimony that the agency found not credible, and Ajay does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government of India. *See id.*

Ajay has waived any challenge to the agency's denial of his due process claims. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issues not raised in an opening brief are waived).

18-71496

We lack jurisdiction to consider Ajay's contentions regarding his credible fear interview because he did not raise them to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

We reject as meritless Ajay's contention of misconduct by the IJ.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**